UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CLARENCE WATSTON, #K1385                                                               PLAINTIFF

VERSUS                                                            CIVIL ACTION NO. 1:05CV275-LG-RHW

STATE OF MISSISSIPPI and ERNEST LEE                                          DEFENDANTS

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Before the Court is Respondents' [12] Motion to Dismiss Clarence Watson's 28 U.S.C. § 2254 petition as time-barred by the AEDPA's one-year limitation period. The State argues that Watson's conviction became final for purposes of the limitation period on July 1, 2003, and that this period was tolled by petitioner's April 2, 2004 Application for Leave to Proceed in Trial Court. The State further argues that the limitation period began to run again following denial of this application on August 11, 2004, and expired on November 9, 2004. Therefore, the State argues that petitioner's § 2254 petition, filed in late May 2005, was untimely. On October 12, 2005, petitioner filed both a Request for Entry of Default [13], subsequently terminated, and a Motion for Default Judgment [14], neither of which cite reasons to oppose Respondents' Motion to Dismiss. Likewise, petitioner does not address the time-bar issue in his § 2254 petition.

**LAW AND ANALYSIS**

28 U.S.C. § 2244 provides in relevant part:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The limitation period for Watson's § 2254 petition began to run when his period to appeal expired.  The Mississippi Court of Appeals affirmed Watson's judgment of conviction and sentence on June 17, 2003.  *Watson v. State*, 848 So.2d 203 (Miss.App. 2003) (Cause No. 2001-KA-01829-COA).  Watson failed to timely seek discretionary review in state court, which stopped the appeal process and prevented further direct review in the Mississippi Supreme Court or the United States Supreme Court.  *Roberts v. Cockrell*, 319 F.3d 690, 693-94 & n.14 (5 th Cir. 2003); *Buie v. Epps*, 271 F.Supp. 2d 922, 924 (S.D. Miss. 2003).   Thus, Watson's conviction and sentence became final on July 1, fourteen days following the June 17, 2003 ruling.  Mississippi Rule of Appellate Procedure 17(b).

Section 2244(d)(2) provides:

>The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A "properly filed" application for post-conviction relief filed in state court shall toll the limitations period. *Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir.1998).  Watson filed an "Application for Leave to Proceed in Trial Court"

2

in the Mississippi Supreme Court on April 2, 2004. The court denied this application on August 11, 2004. The Application, filed within the one-year period following July 1, 2003, tolled the § 2254 limitation period beginning on April 2. The limitation period began again on the date the court denied the application, August 11, 2004. Thus, petitioner's § 2254 petition was due on or before November 9, 2004 (one year from July 1, 2003, plus 131 days the application was pending). Petitioner did not "file" his *pro se* § 2254 petition until at the earliest, May 18, 2005, the date he signed the petition, or at the latest, June 1, 2005, the date the petition was entered as filed on the docket. Regardless of when "filed," his § 2254 petition was untimely. Additionally, Watson cites no "rare and exceptional" circumstances to warrant equitable tolling, and does not mention the time-bar issue in his petition. *Ott v. Johnson*, 192 F.3d 513-14 (5th Cir.1999).

The undersigned finds that the AEDPA limitation for Watson's § 2254 petition expired on November 9, 2004. Whether "filed" in May or June 2005, Watson's petition was untimely. He cites no exceptional circumstances or opposition to this Motion to Dismiss. Consequently, Watson's § 2254 petition is time-barred.

## RECOMMENDATION

The undersigned recommends that the State's [12] Motion to Dismiss be granted and that Watson's § 2254 petition be dismissed as time-barred. The undersigned further recommends that Watson's [14] Motion for Entry of Default be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within ten (10) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically

Case 1:05-cv-00275-LG-RHW   Document 15   Filed 07/20/06   Page 4 of 4

identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      SO ORDERED, this the 20th day of July, 2006.

                                                    s/ *Robert H. Walker*
                                                UNITED STATES MAGISTRATE JUDGE

4