IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CLARENCE WATSON**                      **PLAINTIFF**

**VERSUS**                    **CIVIL ACTION NO. 1:05cv275LG-RHW**

**STATE OF MISSISSIPPI and ERNEST LEE**               **DEFENDANTS**

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

This cause comes before the Court on the Report and Recommendation of United States Magistrate Judge Robert H. Walker [15-1] entered in this cause on July 20, 2006.  The record reveals that Plaintiff has neither filed a response to Defendants' Motion, nor has he filed objections to the Magistrate's recommendations; therefore, the Court finds that the Magistrate Judge properly recommended that Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus be granted pursuant to 28 U.S.C. 2244(d).  After referral of hearing by this Court, no objections having been filed, and the Court, having fully reviewed the same as well as the record in this matter, and being duly advised in the premises, finds that said Proposed Findings of Fact and Recommendations should be adopted as the opinion of this Court.

Watson's petition is governed by the Antiterrorism and Effective Death Penalty Act [AEDPA] of 1996.  *See Green v. Johnson* 116 F.3d 1115, 1119-20 (5th Cir. 1997).  The AEDPA, 28 U.S.C. § 2244(d)(1), instituted a limitation period for filing habeas petitions and provides in pertinent part as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).

A petitioner's *pro se* status, illiteracy, deafness, or lack of legal training, among other reasons, do not excuse the untimely filing of a habeas petition. *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999), *cert. denied* 531 U.S. 1164 (2001). The one-year statute of limitations on habeas petitions begins to run when the judgment of conviction becomes final, not when the petitioner becomes aware that the judgment is final. 28 U.S.C. § 2244(d)(1)(A); *Crutcher v. Cockrell*, 301 F.3d 656, 657 (5th Cir. 2002). Assuming as did the magistrate judge, that Watson's Application for Post Conviction Relief in the state court tolled the running of the statute of limitations, and that the petition was due November 9, 2004, Watson's petition was not timely filed. The Court further concludes that the Magistrate Judge correctly found that the Watson's Motion for Default Judgment should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Proposed Findings of Fact and Recommendation of Magistrate Judge Robert H. Walker entered on July 20, 2006, [15-1] be, and the same hereby is, adopted as the finding of this Court.

**IT IS FURTHER, ORDERED AND ADJUDGED** that Watson's Motion for Default Judgment as to Jim Hood filed October 12, 2005, [14-1] should be and is hereby **DENIED**.

**IT IS FURTHER, ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss filed October 11, 2005, [12-1] should be, and is hereby, **GRANTED**. A separate judgment will be entered in accordance with this order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 10th day of August, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE